J-A19039-20

2020 PA Super 242

| | | |
|---|---|---|
| DR. AHLAM KHALIL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BETH COLE, ESQUIRE, GERALD J. | : | No. 3493 EDA 2019 |
| WILLIAMS, ESQUIRE, WILLIAMS | : | |
| CUKER AND BEREZOFSKY, LLC AND | : | |
| WILLIAMS CEDAR, LLC | : | |

Appeal from the Order Entered October 29, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at No(s):
No. 190302911

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY McCAFFERY, J.:　　　　　　　　　　**FILED OCTOBER 02, 2020**

Dr. Ahlam Khalil (Appellant) appeals from the October 28, 2019 Order of the Philadelphia Court of Common Pleas sustaining the preliminary objections of Beth Cole, Esquire, Gerald J. Williams, Esquire, Williams Cuker, and Berezofsky, LLC, and Williams Cedar, LLC (collectively, Appellees), and dismissing with prejudice Appellant's complaint.  Appellant challenges the trial court's dismissal of her lawsuit on the grounds of *res judicata*.  **See** Appellant's Brief at 2.  We hold that when a party raises *lis pendens* in preliminary objections, it suffices to put the parties on notice as to *res judicata* should the pending prior matter conclude while preliminary objections are still being considered.  For that reason and the reasons below, we affirm.

In 2007, Appellant retained Appellees to represent her in an action stemming from water damage allegedly sustained by Appellant to her property in a condominium complex. **See** Trial Ct. Op. at 1. This claim resulted in a settlement agreement in 2009, the provisions of which were the basis for a 2013 legal malpractice lawsuit between Appellant and three[1] of the Appellees, filed on May 10th of that year and assigned to the Honorable Angelo J. Foglietta. **Id.** That case was resolved when the defendants' summary judgment motion prevailed; it is currently on appeal at this Court.[2] Although a praecipe was filed on May 10, 2013, initiating the 2013 action, no complaint was filed until March 29, 2017. The 2013 action before Judge Foglietta terminated on July 12, 2019, when the Judge granted summary judgment and dismissed the complaint with prejudice.[3]

---

[1] Gerald J. Williams, Esquire, Beth Cole, Esquire, and Williams Cuker and Berezofsky, LLC.

[2] **Khalil v. Williams**, 2549 EDA 2019; it was docketed in the Court of Common Pleas of Philadelphia, Civil Trial Division, at No. 130500825.

[3] **See** Order, No. 130500825, 7/12/19. The record does not reflect that any motion to amend the complaint was filed in the 2013 suit, beyond a praecipe to attach an expert report. **See** Docket, No. 130500825. However, both complaints allege a "release switch" theory whereby Appellant accuses Appellees of changing pages with critical language, such that the more limited language in the release she allegedly signed was omitted, and thus more general language operated to make the release more broad than the one she agreed to sign. **See** Appellant's 2019 Complaint, 3/22/19, at 9-12; **see also** Appellant's 2013 Complaint, 3/29/17, at ¶¶ 39-41, 45-47, 51-59, 77-78.

Appellant filed another complaint based on legal malpractice against Appellees on March 22, 2019, also arising from their representation of her in the 2009 lawsuit over damage to Appellant's condominium. *See* Trial Ct. Op., 1/29/20, at 1-2. The 2019 matter, which is currently before us, was assigned to the Honorable Arnold New. Appellant alleges Appellees misled her about the scope of the 2009 release she signed; she claims Appellees told her the release was limited in scope, but the insurance company with which she settled then brandished the release as a total settlement of claims against it in connection with Appellant's property damage.[4] *See* Appellant's Brief at 5-8.

In Appellant's 2013 lawsuit, she alleged: (1) legal malpractice based in negligence; (2) legal malpractice based in breach of contract; (3) negligent misrepresentation; (4) breach of contract; and (5) fraudulent misrepresentation.[5] Trial Ct. Op. at 1-2. On March 22, 2019, Appellant filed

---

[4] Appellant appealed from litigation concluding that the settlement agreement barred further claims. *See Khalil v. Diegidio*, 1019 EDA 2013 (memorandum filed April 10, 2014). This Court quashed the appeal. "Appellant cannot in 2013 attempt to revive claims that were previously litigated in 2011 . . . this matter is long over, and Appellant's attempt to effectuate an appeal of these issues at this late date is procedurally impermissible." *Id.* at 10.

[5] Appellant filed a lawsuit against Appellees on March 12, 2018 as well; however, she failed to timely file a Certificate of Merit and thus judgment of *non pros* was entered. *See* Trial Ct. Op. at 2.

this suit against Appellees based on the same 2009 settlement agreement, alleging legal malpractice and fraud. *Id.* at 2.

Appellees filed two sets of preliminary objections based on the doctrine of *lis pendens*, as the 2013 lawsuit was then pending but did not yet have a final judgment. *Id.* at 2. On June 21, 2019, Appellees filed a reply in support of their preliminary objections, and Appellant's counsel filed an unopposed motion to withdraw. *Id.* Subsequent to Judge Foglietta's dismissal of the 2013 lawsuit, Appellant filed a *pro se* reply in opposition to Appellees' preliminary objections.[6] *Id.*

The 2019 action before Judge New terminated on October 29, 2019.[7] The trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice on the grounds of *res judicata*. *Id.* at 2. Appellant filed a motion for reconsideration on November 19, 2019, and a notice of appeal on November 27, 2019. *Id.* at 2-3. On December 20, 2019, Appellant timely filed a court-ordered statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). *Id.* at 3. Appellant's motion for reconsideration was withdrawn on December 24, 2019.

Appellant raises one issue on appeal:

> Did the Court of Common Pleas err in sustaining the Preliminary Objections of [Appellees] and dismissing [Appellant]'s

---

[6] Appellant has counsel in this appeal.

[7] *See* Order, No. 190302911, 10/29/19.

- 4 -

Complaint against [Appellees] with Prejudice, on ground of *res judicata*?

Appellant's Brief at 2.

"The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). "When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court . . . [that] the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts." *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999).

On May 20, 2019, Appellees filed Preliminary Objections on the grounds of *lis pendens*, as Appellant's 2013 lawsuit was awaiting final judgment. *See* Trial Ct. Op. at 4. Preliminary objections may be filed based on "pendency of a prior action or agreement for alternative dispute resolution." Pa.R.C.P. 1028(a)(6). The doctrine of *lis pendens* was no longer applicable as the basis for Appellee's Preliminary Objections once their Motion for Summary Judgment was granted in Appellant's 2013 lawsuit, after Appellee's Motion was filed but before it was assigned for disposition. *See* Trial Ct. Op. at 4.

"[T]he doctrine of *res judicata* holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between

the same parties or their privies on the same cause of action." ***Dempsey v. Cessna Aircraft Co.***, 653 A.2d 679, 680-81 (Pa. Super. 1995) (*en banc*). "A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." ***Shaffer v. Smith***, 673 A.2d 872, 874 (Pa. 1996) (citation omitted).

Appellant contends that the trial court dismissed Appellant's Complaint based on a matter not raised in Appellees' Preliminary Objections, as they pled *lis pendens* and not *res judicata*. ***See*** Appellant's Brief at 19. Appellant cites as support ***MacGregor v. Mediq Inc.***, 576 A.2d 1123, 1128 (Pa. Super. 1990), which states "matters not raised in preliminary objections may not be considered by the court *sua sponte*." Appellant's Brief at 19. However, this case is distinguishable from Appellant's case as the ***MacGregor*** Court examined an appeal stemming from a trial court's decision to raise a defense *unmentioned* by the defendant's preliminary objections. ***See id.*** at 1127-28. Whereas the appellee in ***MacGregor*** made "no reference to a defense based on the theory [raised by the trial court]," Appellees' Preliminary Objections were based on the defense of pre-existing litigation arising from the same controversy with the same parties. ***See id.*** at 1128.

Appellant further avers that the trial court erred in dismissing Appellant's Complaint on the basis of *res judicata*. ***See*** Appellant's Brief at 20. First, Appellant argues that *res judicata* may not be raised in preliminary objections. ***Id.*** However, there are limited circumstances enumerated by this

- 6 -

court in which a preliminary objection based on *res judicata* is acceptable. Appellant argues in Appellant's Reply Brief that **Kelly v. Kelly**, 887 A.2d 788 (Pa. Super. 2005), precludes a finding for Appellees in this procedural contest[8], yet as specifically stated in the **Kelly** decision, "[T]he facts in this case are not in dispute, and thus, appellant was not deprived of an opportunity to prove or disprove a fact. We conclude . . . as a matter of judicial economy and efficiency, we will not reverse based upon this procedural abnormality." **See Kelly**, 887 A.2d at 791.

Appellant contends that there are alleged facts that differ between Appellant's 2013 lawsuit and the lawsuit at issue here which would prevent the application of *res judicata*. In its opinion, the trial court explains that:

> Both the 2013 and 2019 cases arise out of the same set of operative facts. [Appellees] represented [Appellant] in a lawsuit filed in 2009 relating to alleged property damage to her residence . . . . Both lawsuits dispute facts surrounding a settlement agreement in the 2009 matter. Both lawsuits allege the settlement release form was the subject of fraud and legal malpractice. Both lawsuits request similar compensatory and punitive damages for the actions taken by the same defendants, as well as the ability to proceed in other legal matters which were barred as a result of the settlement agreement. The 2019 case raises two claims for relief: fraud and legal malpractice. Both claims are also raised in the 2013 case.

Trial Ct. Op. at 5.

Courts may take judicial notice of the record in another matter where the existence of identical prior litigation is raised by preliminary objections

---

[8] Appellant's Reply Brief at 2-4.

and the circumstances necessary to sustain the plea of *res judicata* appear on the face of a pleading whose office it is to put facts in issue. ***Jones v. Costlow***, 47 A.2d 259, 262-63 (Pa. 1946). Appellant asserts that trial courts may not consider *sua sponte* grounds not raised in preliminary objections, when resolving them. Appellant's Brief at 19. However, the authority Appellant cites is inapposite, as it does not deal with a scenario in which a party raises the existence of identical or near-identical litigation, under the then-appropriate rubric of *lis pendens*, and then before preliminary objections are disposed, the other litigation finds its final resolution. It would have been error for Appellees to cry *res judicata* prematurely, but they rightfully raised the existence of the 2013 action in their preliminary objections. Thus, it is not correct to characterize the trial court's action as "*sua sponte*" where it was prompted by pleadings that put all parties on notice as to the nature of the objection and the existence of the 2013 action.

The doctrine of *res judicata* subsumes the doctrine of issue preclusion, also known as collateral estoppel. ***Chada v. Chada***, 756 A.2d 39, 42 (Pa. Super. 2000). Thus, *res judicata* in Pennsylvania encompasses issue preclusion and claim preclusion. *Res judicata* "bars the relitigation of issues that either were raised or **could have been raised** in the prior proceeding." ***McArdle v. Tronetti***, 627 A.2d 1219, 1222 (Pa. Super. 1993) (citations omitted; emphasis added). This has long been the case. "In our opinion, the doctrine of *res judicata*, which is applicable here, covers all matters which

- 8 -

**could have been raised** or presented in the former action as well as those actually litigated." ***Miller v. Dierken***, 41 A.2d 438, 439 (Pa. Super. 1945) (citations omitted; emphasis added).

For *res judicata* to apply, there must be four common elements between the two actions: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." ***Dempsey***, 653 A.2d at 681. When examining these elements, "a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages." ***Id.*** (citation omitted). "*Res judicata* may bar a second action based upon the same transaction even if additional grounds for relief are presented." ***Id.*** at 682.

*Lis pendens* and *res judicata* exist for "the protection of litigants from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation." ***Phillip v. Clark***, 560 A.2d 777, 780 (Pa. Super. 1989) (citation omitted). Here, the difference between Appellees' Preliminary Objections and the trial court's reasoning for dismissal is one of similar legal doctrine, only varying in the procedural status of the other litigation with identical causes of action, not the presence of entirely new substantive defenses. ***See*** Trial Ct. Op. at 6. The difference between the legal doctrines used to justify a defense arising

from the existence of prior litigation does not amount to the trial court raising a matter *sua sponte*, and thus Appellant is not entitled to relief.

There can be little doubt as to the similar nature of the parties and their capacity in the two suits Appellant brought. Although Appellant claims the parties are not identical, this could be true only in the most superficial and technical fashion, as the firm named in the 2019 suit is the successor-in-interest of the firm named in the 2013 suit. The fact that the Appellee firm changed its name at some point between the filing of the first and second suit does not make it a new or different party, for purposes of our analysis, any more than an individual defendant who changed their name would be a new or different party in these circumstances.[9] Appellant herself characterizes Williams Cedar, LLC as "a successor law firm" to Williams Cuker and Berezofsky, LLC. **See** Appellant's Brief at 9. It is evident that for purposes of this analysis, Appellee Williams Cedar, LLC, is the successor to Appellee Williams Cuker and Berezofsky, LLC, and thus privy to the current action. **See** Trial Ct. Op. at 6, n.6.[10] The parties are considered to meet the "identical parties" requirement of *res judicata* if "the party against whom the plea is

---

[9] This issue would arise in suits against government actors in their official capacity with some regularity; it is not uncommon for superintendents of state correctional institutions to be named in habeas actions, for instance. The replacement of a superintendent would not render an otherwise-identical habeas petition somehow new or different.

[10] Appellant acknowledges as much. **See** Appellant's Brief at 17 (Williams Cedar, LLC "was formed as a successor to the prior firm on June 7, 2017").

asserted was a party or in privity with a party to the prior adjudication." ***Safeguard Mut. Ins. Co. v. Williams***, 345 A.2d 664, 668 (Pa. 1975). It is apparent that there is an identity of parties and capacity to sue. The identical nature of the relief sought and the harms claimed (Appellant's dissatisfaction with the outcome of litigation arising from water damage to her condominium) further supports this conclusion.

The operative facts underlying both of Appellant's cases is the allegedly ineffective representation Appellees provided regarding the "purported difference between the settlement agreement of record compared to the agreement [Appellant] claims to have signed" in Appellant's 2009 settlement agreement. Trial Ct. Op. at 6. The ***Dempsey*** Court elucidates, "the primary focus should be whether the ultimate and controlling issues have been decided." ***Dempsey***, 653 A.2d at 681.

Appellant's new packaging of her legal malpractice claims does not constitute a new issue not decided in her 2013 lawsuit. ***See*** Trial Ct. Op. at 6; ***see also Dempsey***, 653 A.2d at 682 ("Appellant also cannot avoid the consequences of a prior judicial determination merely by altering the character of the relief sought."). As stated by the ***Dempsey*** Court, "[A] party therefore cannot, by varying the form of action or adopting a different method of presenting his case, escape the operation of the principle that one and the same cause of action shall not be twice litigated." ***Id.*** (citation omitted). The elements of legal malpractice and fraud, which are the only ones at issue here,

are also encompassed in the 2013 action. Appellant openly admits that some of the documents she believes support these claims were turned over in discovery in other litigation. **See** Appellant's Brief at 17.

Appellant also contends that *res judicata* is barred as she seeks to recover damages that resulted from Appellees' purported fraudulent acts occurring after the 2013 lawsuit and as such were not a part of her 2013 claim. **See** Appellant's Brief at 22-23. However, these damages do not constitute new causes of action against Appellees. Rather, the damages alleged by Appellant in the instant action are a new measure of relief requested based on the same claim of fraudulent misrepresentation. **See Dempsey**, 653 A.2d at 682. The **Dempsey** Court stated:

> The fact that a different form or measure of relief is asked does not preclude the application of the judgment to estop the maintenance of the second action; for application of the doctrine, it is not necessary that the two actions be identical with respect to the relief sought . . . . Where the damages suffered are a consequence of the same actions alleged in an earlier suit, a new cause of action is not present merely because the relief sought has changed.

**Id.** (citations omitted).

In **Dempsey**, the appellant brought an action in federal court alleging that he had been induced by fraud to settle a tort action arising from an airplane crash. **Dempsey**, 653 A.2d at 680. He argued that the airplane manufacturer had been aware of fuel tank problems with the aircraft but had not disclosed this awareness in discovery. **Id.** After the federal suit was dismissed, he filed an action in Montgomery County. **Id.** This Court concluded

that our state courts were bound by the federal court dismissal via *res judicata*. **Id.** In concluding so, the Court said that "the primary focus should be whether the ultimate and controlling issues have been decided." **Id.** at 681 (citation omitted). There, as here, the crux of the dispute was whether the claims were sufficiently distinct that *res judicata* would not apply, as the other three factors were readily apparent. **See id.** Although the appellant altered his claim for relief, and although he commenced the federal suit by complaint and the state suit by petition to set aside the settlement agreement, the Court nevertheless concluded that *res judicata* applied. **Id.**

Here, Appellant filed the same expert report in support of Appellant's "new" fraud claim and in support of her fraudulent misrepresentation claim in the prior-filed action. Even if this were not so, *res judicata* "bars the relitigation of issues that either were raised or **could have been raised** in the prior proceeding." **McArdle**, 627 A.2d at 1222 (citations omitted; emphasis added). Given that the parties are identical, the complaints arise from the same underlying incident, and the damages are necessarily similar, Appellant could not have avoided application of *res judicata* by withholding the expert report and pursuing claims sounding in fraud only in the newer litigation, as it plainly would have been appropriate in the older litigation. Fundamentally, when a party brings suit, they must articulate all claims and theories they believe to lie against their targeted defendants arising from the incident at issue, at the risk of waiver.

> *Res judicata*, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.

***Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 376 (Pa. 2006) (citations omitted).

As the operative facts and the causes of action are the same for both of Appellant's lawsuits, *res judicata* is not barred by Appellant's arguments for more damages, and thus Appellant is not entitled to relief. Appellant's argument is essentially that the two cases are "completely different"[11] because in the 2013 suit she was only accusing Appellees of a little fraud, whereas now she is accusing them of more fraud, including the "ongoing" fraud of, apparently, not admitting to Appellant's accusations. However, the complaint filed in the 2013 suit belies this assertion. In Count V, "Fraudulent Misrepresentation", Appellant asserts that "[t]he release submitted to the Court was different from the one signed by [Appellant] which had an asterisk" and "[a]s a result of [Appellant's] reliance on the fraudulent representations of [Appellees Williams and Cole, Appellant] suffered damages . . . ."

---

[11] Appellant's Concise Statement of Matters Complained of on Appeal, 12/20/19, at 3 (unpaginated).

Appellant's Complaint in 130500825, 3/29/17, at 15-16, ¶¶ 77-78 (requesting compensatory and punitive damages).

Appellant also argues that fraud is an exception to the doctrine of *res judicata*, but the authority she cites for this position does not support it.[12]  In **Wilkes**, our Supreme Court stated "[i]f a judgment has been procured by fraud or collusion, *res judicata* will not usually be an impediment to litigating a claim anew." **Id.** at 387.  **See also Morris v. Jones**, 329 U.S. 545 (1947). There is no blanket exception to *res judicata* that allows a party to assert a fraud claim that the party could have asserted in a prior suit entitled to *res judicata* effect.  These cases stand for the proposition that a court may find that it is not bound by a prior judgment if that judgment was obtained by fraud or collusion.  Appellant had opportunity to press her fraud claim in the 2013 suit before Judge Foglietta.  In fact, she submitted the very same expert report that undergirds her fraud claim in the case before Judge New in both cases.

Taking into consideration all of the circumstances of this case, Appellees' Preliminary Objections were properly sustained.  We conclude that the shifting of names of an underlying legal doctrine presented in Appellees' Preliminary Objections was proper, that the operative facts and issues raised by Appellant in her 2013 lawsuit and the case before this Court on appeal are the same,

---

[12] **See** Appellant's Brief at 20.

and that the trial court was correct in applying *res judicata* to dismiss Appellant's Complaint.  Thus, Appellant is not entitled to relief.

As our Supreme Court once concluded, "[d]isparate circumstances may be alleged at any time as a reason for not applying the doctrine of *res judicata* as conclusive forever on the parties . . . [i]t was proper to dismiss the complaint on the basis of *res judicata*."  **Duquesne Slag Products Co. v. Lench**, 415 A.2d 53, 55 (Pa. 1980) (citation omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/20