J-A17035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD ELLIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MORAN FOODS D/B/A SAVE-A-LOT | : | No. 2305 EDA 2023 |
| FOOD STORES | : | |

Appeal from the Order Entered August 1, 2023
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 230303122

BEFORE: BOWES, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JULY 22, 2025**

Richard Ellis ("Ellis") appeals from the order sustaining the preliminary objection filed by Moran Foods d/b/a Save-A-Lot Food Stores ("Moran") and dismissing, based on *res judicata*, Ellis's most recent civil complaint. We affirm.

We summarize the factual and procedural background of this appeal based on our review of the record. Ellis was a longtime employee at Moran's grocery store in Philadelphia. *See* Am. Compl., 5/10/23, at ¶¶ 2, 17. Ellis alleged that he suffered a work-related back injury in 2018 and sought medical treatment and benefits through workers' compensation. *See id*. at ¶¶ 18-20. After this injury, Ellis returned to work, but, in early February 2019, he needed more time off because of ongoing back issues, as well as stomach issues caused by his medications. *See id*. at ¶¶ 21-27. Ellis returned to work without restrictions, but by the end of February 2019, Moran fired Ellis, telling

him he was not keeping the store clean, which Ellis contends was not the true reason for his firing. *See id*. at ¶¶ 27-31.

Ellis commenced several actions against Moran related to his firing. He filed discrimination charges against Moran ("discrimination charges") with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), which the Philadelphia Commission on Human Relations ("Philadelphia Commission") investigated. *See id*. at ¶ 5-6.[1] In September 2021, the Philadelphia Commission dismissed Ellis's discrimination charges. *See id*. at ¶ 7.

_____

[1] *See generally* 42 U.S.C.A. § 2000e-4 (creating the EEOC to administer Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17); 43 P.S. § 956 (creating the PHRC to administer the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963); Phila. Code § 9-1111 (authorizing the Philadelphia Commission to administer and enforce the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code §§ 9-1101 to 9-1134). Although Ellis does not quote or refer to the Philadelphia Code at any length, the Philadelphia Code is available at https://codelibrary. amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-278561. Both the PHRA and the PFPO prohibit discrimination based on age and disability in discharging an employee. *See* 43 P.S. § 955(a); Phila. Code §§ 9-1103(1)(a).

We note the PHRA and PFPO claims require a claimant to exhaust administrative remedies by filing a complaint with the PHRC or the Philadelphia Commission. *Cf. Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919 (Pa. 1989) (discussing the exhaustion of administrative remedies requirement under the PHRA); *Marriott Corp. v. Alexander*, 799 A.2d 205, 208 (Pa. Cmwlth. 2002) (holding that a claimant must exhaust administrative remedies before filing a civil action raising PFPO claims). The PHRA and PFPO also provide for private rights of action in the courts when the agency dismisses the complaint. *See* 43 P.S. § 962(c); Phila. Code § 9-1122. We also note that this Court is not bound by the decisions of the Commonwealth Court but such decisions provide persuasive authority, and we may turn to
*(Footnote Continued Next Page)*

Meanwhile, in February 2021, Ellis had filed in the court of common pleas a civil complaint ("first complaint") for one count for wrongful termination, alleging Moran fired him in retaliation for seeking workers' compensation. **See** Prelim. Objs. to Am. Compl., 5/30/23, Ex. B at ¶ 20.[2] Moran filed a preliminary objection to Ellis's improper service of the first complaint, which the trial court sustained. **See** Prelim. Objs. to Am. Compl., 5/30/23, at ¶¶ 8-11. Ellis took no further actions to serve the first complaint properly, **see id**. at ¶¶ 11-14, and in March 2022, Moran filed a notice of intent to seek *non pros*. Ellis then moved to amend the first complaint to add PHRA claims for disability- and age-related discrimination. **See id**. at ¶ 13 & Ex. H ("proposed amended complaint"). Moran filed a cross-motion to dismiss the first complaint because Ellis did not serve it within the statute of limitations. **See id**. at ¶ 17 & Ex. I. Additionally, Moran argued the proposed amendment of the first complaint to include PHRA claims would prejudice it because discovery had closed and a scheduled trial date was approaching. **See id**. In June 2022, the trial court denied Ellis's motion to amend his first complaint and granted Moran's cross-motion to dismiss the first complaint

---

them for guidance when appropriate. **See Petow v. Warehime**, 996 A.2d 1083, 1089 n.1 (Pa. Super. 2010).

[2] Our Supreme Court has recognized a common law cause of action for wrongful termination where an employer retaliates against an employee who files a claim for workers' compensation benefits. **See Shick v. Shirey**, 716 A.2d 1231, 1238 (Pa. 1998).

with prejudice. *See id*. at ¶ 18 & Ex. J. Ellis did not appeal the dismissal of this first court action.

Shortly after the dismissal of his first court action, Ellis filed a second complaint ("second complaint"). *See id*. at ¶ 20 & Ex. K. Therein, Ellis alleged substantially similar facts surrounding his firing as in his first court action. *See id.*, Ex. K, at ¶¶ 9-23. The second complaint asserted disability- and age-related discrimination and retaliation claims under both the PHRA and the PFPO. *See id*., Ex. K, at ¶¶ 26-77. Ellis did not serve the second complaint on Moran, and in December 2022, Ellis voluntarily discontinued this second court action.

In March 2023, Ellis then filed a third complaint against Moran ("third complaint"), commencing the action that gives rise to this appeal. Ellis alleged substantially similar facts as in his first and second court actions, but he asserted counts based solely on violations of the PFPO. *See* Compl., 3/28/23, at ¶¶ 9-24, 32, 41, 48. Ellis served Moran with the third complaint in April 2023. After Moran filed preliminary objections to the third complaint asserting *res judicata*,[3] *see* Prelim. Objs. to Compl., 4/20/23, at ¶¶ 42-71, Ellis filed an amended complaint ("amended third complaint"), which added general

_____

[3] Generally, *res judicata* is an affirmative defense, which should be raised in new matter, not preliminary objections. *See Kelly v. Kelly*, 887 A.2d 788, 791 (Pa. Super. 2005). However, a court may overlook the invocation of *res judicata* in a preliminary objection where, as here, the complaint at issue refers to the prior actions and the facts surrounding the prior and current litigation are not in dispute. *See Khalil v. Cole*, 240 A.3d 996, 1001 (Pa. Super. 2020) (hereinafter "*Cole*"); *Kelly*, 887 A.2d at 791.

assertions that (1) his claims were based solely on the PFPO; (2) a court had not previously decide the merits of the claims, and (3) he commenced his third court action "within the applicable statute of limitations." Am. Compl., 5/10/23, at ¶¶ 13, 15. Moran filed new preliminary objections asserting *res judicata*, and Ellis filed a response. The trial court sustained Moran's preliminary objections and dismissed the amended third complaint with prejudice. Ellis timely appealed. The trial court did not order a Pa.R.A.P. 1925(b) statement but filed a separate opinion concluding *res judicata* barred Ellis's claims.

Ellis raises the following issues for our review:

[1.] Does a dismissal with prejudice for failure to serve, equivalent to a *non pros*, constitute a final judgment on the merits that allows for collateral estoppel / *res judicata* to apply?

[2.] Does *res judicata* / collateral estoppel apply when the causes of action raised in the subsequent complaint are different than the first complaint?

Ellis's Brief at 2 (some capitalization omitted).

Our standard of review is as follows:

. . . This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court that the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts.

***Cole***, 240 A.3d at 1000 (internal citations, brackets, ellipsis, and quotation marks omitted).

*Res judicata* encompasses two related but distinct components: technical *res judicata*, or "claim preclusion," and collateral estoppel, or "issue preclusion." ***Wilmington Tr., Nat'l Ass'n v. Unknown Heirs***, 219 A.3d 1173, 1179 (Pa. Super. 2019) (internal citation omitted). For *res judicata* to apply, there must be a prior final judgment on the merits. ***See Cole***, 240 A.3d at 1000. Additionally, *res judicata* generally requires a concurrence of four identities: (1) identity of issues; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. ***See Khalil v. Travelers Indem. Co. of Am.***, 273 A.3d 1211, 1223 (Pa. Super. 2022) (hereinafter "***Travelers***"). "The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed." ***In re Coatesville Area Sch. Dist.***, 244 A.3d 373, 378 (Pa. 2021) (internal citation omitted).

Technical *res judicata*, "prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, ***or could have been raised***, in the previous adjudication." ***Id***. (internal citation omitted) (emphasis added). "Thus, a party must raise all matters related to an issue at first opportunity or be forever barred from raising them again." ***Travelers***, 273 A.3d at 1224 (internal citation and brackets omitted) (contrasting technical *res judicata* from collateral estoppel by noting the latter "bars litigation of issues that were actually litigated in the prior action"). The

proper application of the doctrine of *res judicata* present a question of law, over which our standard of review is *de novo*, and our scope of review is plenary. ***See Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa. Super. 2023).

In his first issue, Ellis contends that the dismissal of his first court action was not a final judgment on the merits. He asserts that "[t]he sole reason [his first complaint] was dismissed was because it was not served, and [t]he [trial c]ourt found it was too late to amend [the first complaint to include PHRA claims]." Ellis's Br. at 10. Focusing on the language that dismissed his first complaint with prejudice, Ellis attempts to equate the order dismissing his first complaint to a dismissal for non-prosecution, the latter of which does not involve a final judgment on the merits. ***See id***. at 6-7. In support, Ellis notes that a *non pros* cannot have *res judicata* effect because it is not a judgment on the merits, and a party suffering a judgment of *non pros* can commence a second action so long as the second action is commenced within the applicable statute of limitations. ***See id***. (citing, *inter alia*, ***Hatchigian v. Koch***, 553 A.2d 1018, 1020 (Pa. Super. 1989)).[4]

The trial court rejected this argument and reasoned that the order dismissing Ellis's first court action was final. ***See*** Trial Ct. Op., 11/15/23, at 4 (citing ***Joseph F. Cappelli & Sons, Inc. v. Keystone Custom Homes, Inc.***, 815 A.2d 643, 648 (Pa. Super. 2003), for the proposition that a final

---

[4] Ellis also asserts that his first court action and second court action were "null and void" and therefore never "commenced." Ellis's Br. at 9-10. However, because his first court action resulted in litigation and an order dismissing that action, we decline to consider this contention.

order terminates the litigation, disposes of the entire case, or effectively puts the litigant out of court). The trial court concluded Ellis's claims were "precluded because they were previously presented against the same parties and adjudicated on the merits." *Id*.

Following our review, we discern no merit to Ellis's argument. Ellis overlooks the fact that the trial court dismissed his first complaint not simply because of inactivity, but because Ellis failed to toll the statute of limitations by properly serving his first complaint, which resulted in prejudice, and/or demonstrated "an intent to stall the judicial machinery." ***Cf. Gussom v. Teagle***, 247 A.3d 1046, 1056 (Pa. 2021). This type of dismissal is qualitatively and procedurally different than a dismissal for *non pros*. The entry of *non pros* permits a plaintiff to file a second complaint if the statute of limitations has not run or to move to strike and/or open a judgment of *non pros*. **See Hatchigian**, 553 A.2d at 1020; **see also** Pa.R.Civ.P. 3051. Here, the order dismissing the first court action had preclusive effect in so far as the statute of limitations barred his wrongful termination claim. Accordingly, Ellis's attempt to equate the order dismissing his first court action to a *non pros* does not demonstrate the trial court erred by finding *res judicata* applied.

In his second issue, Ellis argues his amended third complaint raised different causes of action and issues than the prior complaint, precluding the application of *res judicata*. **See** Ellis's Br. at 11. Ellis asserts that while his first complaint and amended third complaint involved his termination from employment with Moran, the issues were different. **See *id*.** at 11-12. Ellis

contends that his first action required a determination that he was terminated in violation of a clear mandate of public policy, namely, his seeking worker's compensation. ***See id***. at 12  His amended third complaint, he maintains, raised PFPO claims that required him to prove he was in a protected class, *i.e.*, due to a disability or his age, engaging in a protected activity, and discriminated or retaliated against because of his time off from work. ***See id***. at 12-13.

The trial court reasoned that Ellis "had the opportunity to raise all of [his] claims against [Moran] in the first action . . .." Trial Ct. Op., 11/15/23, at 5.  The court noted that Ellis had not only attempted to file the proposed amended complaint prior to the dismissal of his first court action, but also filed, and withdrew, a second amended complaint actually asserting PFPO claims in his second court action. ***See id***.

Ellis's arguments do not establish grounds to disturb the trial court's ruling.  Technical *res judicata* prohibits parties involved in a prior, concluded litigation, not only from re-raising claims previously raised, but also raising claims that ***could have been raised*** in the previous adjudication. ***See Travelers***, 273 A.3d at 1224-25 (concluding *res judicata* barred claims that could have been litigated previously).  Ellis offers no cogent legal argument that he could not have raised his related PFPO claims before the dismissal of his first court action.  Ellis not only had the opportunity to raise PFPO claims before the dismissal of his first complaint, but attempted to avail himself of the opportunity to raise age- and disability- discrimination claims in a

proposed amendment to his first complaint.  Thus, based on the arguments presented and our review of the record in this appeal, we discern no basis to afford Ellis relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2025