J-S44010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDRE EDWARDS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PHILADELPHIA HOME RENTALS, LLC, | : | No. 1651 EDA 2025 |
| AND JEAN PAUL GULLE | : | |

Appeal from the Order Entered May 29, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240601365

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:              **FILED JANUARY 22, 2026**

Andre Edwards appeals from the order, entered in the Court of Common Pleas of Philadelphia County, sustaining the preliminary objections filed by Appellees, Philadelphia Home Rentals, LLC (PHR), and Jean Paul Gulle (collectively, Defendants), and dismissing Edwards' *pro se* amended[1] complaint with prejudice.  After careful review, we affirm.

On June 18, 2015, Edwards entered into a month-to-month lease with Jean Paul Gulle for a rental property (Property) located at 2077 Carver Street. *See* Plaintiff's Exhibit 1 (residential lease agreement between Edwards and Gulle for Carver Street property).  PHR, a limited liability company located in

_____

[1] Defendants repeatedly refer, in error, to Edwards' amended complaint as his "First Amended Complaint."  The latest complaint filed in the instant action is an "Amended Complaint."

Philadelphia, owns and manages the Property.[2]  Gulle acts as landlord for the Property.  In August 2023, Edwards contacted Gulle several times requesting he make necessary repairs[3] to the Property.  When Gulle failed to adequately address the repair issues, Edwards withheld rent beginning in January 2024.  On January 24, 2024, and February 1, 2024, Gulle sent Edwards notices to vacate the Property within 30 days due to non-payment of rent.  The notices also advised Edwards that his lease would not be renewed.

On January 31, 2024, Edwards and his wife filed an "Unfair Rental Practice" complaint against PHC, c/o Gulle, with the Philadelphia Fair Housing Commission (FHC) alleging several housing code violations (FHC action) (No. 2024-01-31-16618).  The Department of Licenses and Inspections (L&I) inspected the Property and, on February 27, 2024, issued a report for various code violations.  On March 26, 2024, Edwards, his wife, and Gulle's property manager, Lisa Hart, appeared for a hearing before the FHC.  Following the hearing, the FHC made several findings of fact, including that "there have been unresolved code violations on the [P]roperty since February 27, 2024[.]" *See* Final Order, 4/12/24, at ¶¶ 11(E)-(F).  On April 12, 2024, the FHC issued a seven-page final order concluding, among other things, that Edwards was

---

[2] It appears from the record that Gulle is the sole member of PHR.

[3] Edwards alleged that the Property needed repairs due to bathroom and kitchen leaks and drainage issues, damaged interior surfaces, missing bathroom and kitchen tiles, and insufficient heat.  *See* Complaint in FHC Action, 1/31/24, at 2.

entitled to a 35% rent abatement from August 1, 2023 through March 31, 2024, using a "percentage reduction in use" method. *Id.* at ¶¶ 11(J)-(K).

While the FHC action was still pending, Gulle filed an eviction action, on March 12, 2024, against Edwards, in the Philadelphia Municipal Court (Landlord-Tenant action) (No. LT-24-03-12-4050), seeking possession of the Property and a money judgment for rent arrearages and related fees. *See* Landlord and Tenant Complaint, 3/12/24, at 2 (unpaginated). Edwards did not raise any counterclaims. On May 15, 2024, the parties entered into a non-appealable judgment by agreement (Agreement) in the Landlord-Tenant action. The Agreement entered a judgment for possession in favor of Gulle, with the following conditions:

> [Edwards] and all occupants to have until 6/15/24 to vacate, remove all property[,] and return keys to a vacant, broom-clean unit. So long as [Edwards] vacates as above, all rent/charges [will be] waived. Landlord keeps any security deposit and/or prepaid rent. [Landlord's] claim for [m]oney is withdrawn without prejudice. Upon compliance, [o]rder to [v]acate to be executed, provided by counsel for [Edwards].

Judgment by Agreement, 5/15/24, at 1. The Agreement also includes a notice stating, "If you fail to do what this Agreement requires of you, then the Agreement is breached/void (no longer valid) and all available legal consequences may proceed without further [n]otice." *Id.* at 2. However, in the event of a breach of the Agreement, the non-breaching party must file "an [a]ffidavit . . . with the Judgment and Petitions Unit" in Philadelphia" before seeking legal recourse on the breach. *Id.*

On June 12, 2024, Edwards, who was represented by counsel at the time, filed the instant action against PHR and Gulle in the Philadelphia Court of Common Pleas alleging violations of the Lead Paint Disclosure and Certification Law (Count 1) and the Unfair Trade Practices and Consumer Protection Law (Count II). *See* Complaint, 6/12/24, at 10-14. On November 21, 2024, PHR and Gulle filed an answer and new matter claiming, among other things, that Edwards' action was barred by the doctrines of *res judicata*, judicial estoppel, collateral estoppel, and equitable estoppel. *See* Answer and New Matter, 11/21/24, at 9 (unpaginated). Edwards filed a motion for leave to amend his complaint, *pro se*, which the court granted on March 9, 2025. On April 10, 2025, Edwards filed a *pro se*[4] amended complaint raising the following five counts: Lead Law violations (Count 1); Constructive Eviction/Economic Harm (Count 2); Violations of Debt Collection Practices/Reputational Harm (Count 3); Housing Violations, Penalties and Punitive Damages (Count 4); and Injunctive Relief (Count 5). *See* Amended Complaint, 4/10/25, at 15-23.

On April 28, 2025, Defendants filed preliminary objections to Edwards' amended complaint alleging his claims were barred by the doctrine of *res judicata* based on the prior FHC and Landlord-Tenant actions. *See* Preliminary Objections, 4/28/25, at 3 (unpaginated) (Edwards' "[a]mended [c]omplaint seeks to relitigate the same material issues decided by the FHC and subsumed

---

[4] On September 24, 2024, Edwards' counsel, Craig Attig, Esquire, filed a petition to withdraw. The court granted counsel's request on October 31, 2024.

in the execution of and entry of the [Agreement]"). Defendants also asserted that by failing to file a counterclaim in the Landlord-Tenant action, Edwards waived any claims asserted in the amended complaint. *See id.* at 2-4. On May 6, 2024, Edwards filed a motion to compel discovery. The court dismissed Edwards' discovery motion, noting that "no certification [was] filed." *See* Docket Entry 82-25051282, 5/16/25. On May 16, 2024, Edwards filed an answer to Defendants' preliminary objections, arguing that his claims exceeded the jurisdiction of the Municipal Court, involved fraud and violations that invalidate the prior proceedings, and that while some of the claims in the amended complaint involve the lease, "the legal and factual bases are not 'identical' to those in prior proceedings." Answers in Opposition to Preliminary Objections, 5/16/25, at 1, 2, 4.

On May 29, 2025, the trial court granted PHC's preliminary objections and dismissed Edwards' *pro se* amended complaint with prejudice. Edwards filed a motion for reconsideration on June 6, 2025, stating:

> [Edwards] submits that due to lack of notice, curable defects[,] and procedural confusion, the severe remedy of dismissal with prejudice of [Edwards'] Amended Complaint deserves reconsideration. The [c]ourt's [f]inal [d]isposition on this matter was issued without explanation and [] less than one hour before a court-ordered settlement conference. As a self-represented litigant acting in good faith, [Edwards] respectfully submits that these procedural issues do not warrant such a final disposition, particularly where Pennsylvania law strongly favors resolution of claims on their merits.

Motion for Reconsideration, 5/6/25, at 2. The court dismissed the motion and Edwards filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5]

Edwards raises the following issues on appeal:

(1)     Whether an action asserting multiple claims arising from landlord-tenant disputes and enforcement of [FHC o]rders falls within the proper jurisdiction and venue of the Court of Common Pleas[,] rather than the Municipal Court?

(2)     Whether the doctrines of waiver and *res judicata* apply where the record shows that [] Edwards preserved objections, alleged continuing breaches of a prior judgment, and included new parties and claims that could not have been previously litigated?

(3)     Whether dismissal of [Edwards'] complaint—entered before a court-ordered settlement conference but notified to [Edwards] only afterward—together with dismissal of [Edwards'] [m]otion to [c]ompel [discovery] for lack of certification of service, violated due process and constituted an abuse of discretion?

Appellant's Brief, at 4-5.

Edwards first claims that the trial court erred in applying *res judicata* because the municipal court's judgment was void for lack of subject matter jurisdiction. *See* Appellant's Brief, at 13. Specifically, Edwards asserts that the "[m]unicipal [c]ourt's jurisdiction is narrowly limited to landlord-tenant and small claims matters." *Id.* We disagree.

---

[5] The court entered an order on July 11, 2025, noting that Edwards' reconsideration motion was "Dismissed; matter is on appeal." *See* Order, 7/11/25. We note, however, that "[a]fter an appeal is taken[, and within the time for the filing of a notice of appeal,] the trial court . . . may [g]rant reconsideration." Pa.R.A.P. 1701(b)(3).

The Philadelphia Municipal Court has jurisdiction over many types of civil and criminal matters. Particularly, it has subject matter jurisdiction over non-juvenile delinquency summary offenses, criminal offenses for which a prison term is not punishable by more than five years, landlord-tenant matters, assumpsit and trespass actions by or against a Commonwealth party (where the sum demanded does not exceed $12,000.00, exclusive of interest and costs), actions to enjoin nuisances, and civil actions involving real estate tax and school tax judgments where the sum demanded does not exceed $15,000.00. *See* 42 Pa.C.S.A. § 1123(a). Thus, this claim has no merit.

Next, Edwards claims that the trial court erred in granting PHR's preliminary objections on the grounds that Edwards' claims were barred by *res judicata*. Edwards asserts that waiver and *res judicata* do not apply to the instant matter where he "preserved objections, alleged continuing breaches of a prior judgment, and included new parties and claims that could not have been previously litigated." Appellant's Brief, at 4-5.

> This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court[:] that the court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts.

*Khalil v. Cole*, 240 A.3d 996, 1000 (Pa. Super. 2020) (internal citations, brackets, ellipsis, and quotation marks omitted).

Application of the doctrine of *res judicata* presents a question of law, over which our standard of review is *de novo* and our scope of review is

plenary. ***Moyer v. Shaffer***, 305 A.3d 1064, 1067 (Pa. Super. 2023). Our

Supreme Court has explained that:

> [*r*]es judicata, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with the original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.

***In re Coatesville Area School District***, 224 A.3d 373, 378 (Pa. 2021)

(citations omitted). For *res judicata* to apply, the "four identities" must be

present: (i) identity of issues, (ii) identity of causes of action, (iii) identity of

persons and parties to the action, and (iv) identity of the quality or capacity

of the parties suing or being sued. ***Id.*** at 379. *Res judicata* applies to matters

where "a final judgment rendered by a court of competent jurisdiction on the

merits is conclusive as to the rights of the parties and constitutes for them an

absolute bar to a subsequent action involving the same claim, demand or

cause of action." ***McNeil v. Owens-Corning Fiberglass Corp.***, 680 A.2d

1145, 1147 n.2 (Pa. 1996) (citation omitted).

Here, Edwards' FHC action sued both Gulle and PHR for "unfair rental

practices," pursuant to Section 9-800, *et seq.*, of the Philadelphia Housing

Code. ***See*** FHC Complaint, 1/31/24, at 1. Edwards alleged in the FHC

complaint that Defendants violated several housing code sections by: not

having a valid rental license; not providing him with a Certificate of Rental

Suitability (CRS) and Partners for Good Housing Handbook; not giving him a

Lead Safe/Lead Free Certificate; and retaliating against him (when he withheld

rent) by not renewing his lease despite Defendants failing to repair complained-of issues with the Property. *Id.* at 2.

The FHC found that Defendants had valid rental licenses at the relevant time Edwards rented the Property, that they had provided Edwards with a CRS that was signed by both Defendants and Edwards, that they delivered a Lead-Safe Certificate to Edwards, and that the Landlord-Tenant action, seeking to "end the subject tenancy," was invalid and unenforceable due to open code violations on the Property. *See* Order, 4/12/24, at 5. The FHC's final order was appealable to the Court of Common Pleas within 30 days of the date of the order. *See id.* at 7 (outlining appeal process for final FHC orders).

Moreover, in the Landlord-Tenant action, Edwards executed a non-appealable Agreement wherein he would vacate the Property no later than June 15, 2024, remove all personal property from the Property, and return the keys to a "broom-clean" unit, in exchange for all rent and charges being waived by Defendants. *See* Judgment by Agreement, 5/15/24, at 1. Additionally, the Agreement clearly indicated that it was not appealable and that the parties were "bound by each and every condition of the Agreement." *Id.* at 2. However, the Agreement provided that if any party believed that the other party had breached the Agreement, the non-breaching party had to first file an affidavit with the Philadelphia Judgment and Petitions Unit and then could proceed with "all available legal" resources. *Id.*

In the instant action instituted by Edwards, he sues both Gulle and PHR (same parties in prior actions) for Lead Law violations (Count 1), constructive

eviction/economic harm (Count II), violations of debt collection practices and reputational harm (Count III), housing violations and punitive damages (Count IV), and injunctive relief (Count V). **See** Amended Complaint, 2/25/25, at 15-23. The counts in Edwards' amended complaint encompass the same claims he raised in the FHC action and also those issues raised and finally resolved via the Agreement in the parties' Landlord-Tenant action.

We agree with the trial court that Edwards is simply seeking to relitigate the same issues that were addressed in the parties' prior actions. Edwards, himself, acknowledges that the "claims originated from his prior landlord-tenant relationship with [Gulle and PHR.]" Appellant's Brief, at 26. Moreover, any subsidiary claims Edwards may have as a result of the parties' landlord-tenant relationship have been waived for his failure to either file an appeal with the Court of Common Pleas in the FHC action or file the required affidavit and allege a breach of the Agreement in the Landlord-Tenant action. **See Dempsey v. Cessna Aircraft Co.**, 653 A.3d 679, 681 (Pa. Super. 1995) (en banc) (under *res judicata,* "[a] fundamental test applied for comparing causes of action . . . is whether the primary right and duty . . . are the same in each action").

Finally, Edwards claims that the trial court erred in dismissing his motion to compel discovery without notice or a hearing. He claims that his motion "identified specific outstanding interrogatories, requests for admissions, and document productions that Defendants failed to provide—discovery central to

[his] ability to prove his claims [and that] sought information essential to establishing liability and damages." Appellant's Brief, at 44-45.

To support his claim, Edwards cites to **McCreesh v. City of Philadelphia**, 888 A.2d 664 (Pa. 2005), a case that involves a party's good faith effort to effectuate original service of process. Relying on that case, Edwards argues that Defendants suffered no prejudice by his "clerical error in the certificate of service," and, thus, that the dismissal of his motion was unwarranted. **Id.** at 45. The case cited by Edwards is inapposite to the instant facts and thus, does not control the issue on appeal. In any event, as Edwards correctly points out, his discovery motion lacked the requisite certification of service. However, what proves most fatal to his claim is the fact that even if the court granted his motion to compel, his ability to prove liability and damages in the instant case is of no moment where the amended complaint is barred by the doctrine of res judicata. **See E.K. v. J.R.A.**, 237 A.3d 509, 521 (Pa. Super. 2020) (doctrine of res judicata applies to prevent litigants from bearing burden of re-litigating same issues with same parties, and to promote judicial economy).

Accordingly, from our review of the record, we conclude that the trial court did not commit an error of law or abuse its discretion by granting Defendants' preliminary objections and dismissing Edwards' amended complaint. **Khalil**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2026