J-A15016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE C/O PHH MORTGAGE CORPORATION & SAXON ASSET COMPANY, SECURITY TRUST 2007-2, MORTGAGE LOAN ASSET BACKED C, C/O PHH MORTGAGE CORP. | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 53 MDA 2025 |
| BRUCE R. NORTON | : : : | |
| Appellant | : | |

Appeal from the Order Entered December 6, 2024
In the Court of Common Pleas of York County
Civil Division at No: 2024-SU-001816

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                    **FILED: OCTOBER 7, 2025**

In this mortgage foreclosure action, Appellant, Bruce R. Norton, appeals, *pro se*, the order of the Court of Common Pleas of York County ("trial court") granting summary judgment in favor of the above-captioned Appellees (referred to here collectively as "Deutsche Bank"). Appellant's central contention is that summary judgment was improperly awarded because he had submitted a third party's affidavit which raised a genuine issue of material fact as to whether the mortgage note for the subject property was forged. We agree with the trial court that this exact issue already has been resolved

_____

* Former Justice specially assigned to the Superior Court.

against Appellant in a prior matter, thus barring Appellant from now seeking relief on that identical ground. Thus, the order on review is affirmed.

On January 26, 2007, Appellant executed a fixed mortgage rate Balloon Note on a property located at 1328 Brighton Circle, Seven Valleys, Pennsylvania 17360. The first three of the Balloon Note's four pages contain blank spaces for the borrower's initials. The copy of the Balloon Note contained in the certified record shows that the letters, "BN," were hand-written in those spaces.[1] On the fourth and final page of the Balloon Note, there appears the handwritten signature of Appellant ("Bruce R. Norton"), which he admits was in fact signed by him. For many years, Appellant made timely payments as required by the terms of the Balloon Note.

As of 2019, Deutsche Bank was the holder of the Balloon Note on the subject property. A pre-foreclosure notice was sent by Deutsche Bank to Appellant on January 18, 2019, advising that he had missed monthly payments required by the terms of the Balloon Note. Deutsche Bank filed a complaint in mortgage foreclosure on May 7, 2019, and during the proceedings, it was asserted that, as of January 5, 2021, Appellant owed $304,588.26 on the loan. Appellant's primary defense in that foreclosure action was that

_____

[1] These first three pages of the Balloon Note include the material terms of the loan, such as the total principal amount ($261,800.00), the amount of monthly payments ($1,598.46), and the terms of the borrower's potential default on the mortgage.

his initials on the pages of the Note and the Balloon Note are not his and therefore are forged. [Appellant] also believes that the terms of the Mortgage Note were materially altered. [Appellant] does admit that the last page of the [Balloon] Mortgage Note appears to contain his signature.

Trial Court Memorandum Opinion Granting Summary Judgment, 4/21/2021, at 2.

In support of his defense, Appellant executed and submitted an affidavit in which he averred that his purported initials on the Balloon Note were forged. *See id*. at 4. Deutsche Bank moved for summary judgment, contending that there existed no genuine issues of material fact, notwithstanding Appellant's allegation of forgery. The trial court agreed that summary judgment was proper on that basis in part because Appellant's affidavit did not raise a material question of fact:

> After thorough review, the Court is unable to conclude that [Appellant's] affidavit regarding his initials are credible. First, [Appellant] does not provide the Court with his version of the Note that he has been paying on for over a decade to show that the terms have been altered as he suggests. [Appellant] has not presented the court with an expert to support the forgery allegation. [Appellant] does not deny that he has failed to make a payment since November 2018 and that he owes money on the Note. Moreover, there is no requirement that each page of the Note be initialed.

*Id*. at 5.

The trial court entered an order granting Deutsche Bank's motion for summary judgment, and that order was upheld on appeal by this Court in *Deutsche Bank v. Norton*, No. 629 MDA 2021 (Pa. Super. filed March 11, 2022) (unpublished memorandum). In that opinion, this Court stressed that

Appellant's allegation of forgery on the part of Deutsche Bank was insufficient to raise an issue of material fact, preventing Appellant from surviving Deutsche Bank's summary judgment motion:

> The gravamen of his . . . issue is that the existence of forged initials "indicates that the person who forged the initials wants people to believe a party has read, understood[,] and assents to the statement, paragraph, or page when that party has not done any of those things." Appellant's Brief, at 38. Consequently, "[f]orgery of signatures or initials after the fact must constitute material alterations of the instrument. If the initials are forged then the instrument is dead and not binding on any J-S30043-21 party." However, Norton also concedes that the Commonwealth of Pennsylvania *does not* require initials throughout a document for it to be a valid instrument.

> The note contains Norton's full signature at the end of the document, and he has not refuted that he was the signator in that particular instance. Further, as the trial court pointed out, Norton made payments in conjunction with this note for over a decade.

> A "vague and inadequate proffer," is insufficient to demonstrate that summary judgment was improperly granted. **Norton continues to suggest that alleged forged initials on the document, in the context of his actual signature appearing at the document's end, has legal import and renders the note invalid. Norton has not provided any authority, either on point or via analogy, to demonstrate this specific proposition.**

> **Viewing the record in the light most favorable to Norton, he has failed to demonstrate that the lower court either abused its discretion or committed an error of law. While he contends that there is at least one triable issue of material fact, he has provided no clear basis to demonstrate that one exists. Therefore, we are compelled to affirm the lower court's order granting summary judgment.**

> **Order affirmed**.

*Id*. at 8-9 (emphasis added, some internal citations omitted).

Norton later cured the default soon after a sheriff's sale of the property was scheduled. He then made timely mortgage payments until, according to Deutsche Bank, he again defaulted, prompting the instant foreclosure action, which Deutsche Bank filed on June 18, 2024. Appellant filed his *pro se* Answer with New Matter on July 16, 2024, and Deutsche Bank filed its Reply to New Matter on July 23, 2024, closing the pleadings.

On October 15, 2024, Deutsche Bank filed its Motion for Summary Judgment. Appellant filed a brief in opposition to that motion on October 25, 2024. He relied upon the affidavit of a third party, Michelle Donaldson, to argue that there existed a question of material fact as to the validity of the Balloon Note. **See** Defendant's Brief in Opposition to Motion for Summary Judgment, 10/25/2024 (Exhibit 1, Affidavit of Michelle Donaldson).

According to Donaldson, she is a notary public, and a "Maryland Title Insurance Producer." **Id**. She averred that, in the state of Maryland, she had served as the closing agent and notary public in 47 real estate transactions with Appellant. **See id**. Of those, Donaldson only specifically referred to two transactions on June 21, 2005. **See id**. Donaldson stated that, after reviewing the Balloon Note for the subject property, executed on January 26, 2007, she determined that the handwritten initials at the bottom of its pages did not match the initials written by Appellant in any of the Maryland documents. **See id**.

The trial court granted Deutsche Bank's motion for summary judgment. Judgment *in rem* was awarded to Deutsche Bank, and against Appellant, "in the amount of $397,841.05, as of August 14, 2024, plus interest at the contract." Trial Court Order, 12/4/2024. Appellant then moved for reconsideration of the order granting summary judgment, and the motion was denied. After Appellant timely filed his notice of appeal, the trial court submitted a 1925(a) opinion giving the reasons why the order should be upheld. Of relevance in this appeal, the trial court stressed that "one of the faults with [Appellant's] argument, besides the lack of evidence, is that these very issues were previously litigated by [the Superior Court] and resolved against him." Trial Court 1925(a) Opinion, 1/21/2025, at 3.

In his brief, Appellant ostensibly raises two issues for our consideration:

1. Are there material issues of fact that are in question?

2. Did the lower court fail to consider the record in the light most favorable to the non-moving party?

Appellant's Brief, at 5-6 (Statement of Questions Involved) (suggested answers omitted).

Appellant also argues that the trial court erred in ruling that his fraud defense was procedurally barred due to being previously litigated in the earlier foreclosure action filed by Deutsche Bank. *See id*. at 16. The sole basis he advances as to why his fraud defense was not barred is that the affidavit of Michelle Donaldson is "new evidence that was not available prior to the decision on the previous record, and when the decision on the previous record

was based on fraudulent acts by one or more of the parties." Appellant's Brief, at 16.

On review of an order granting summary judgment, the following standards apply:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontraverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> On appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

***Weible v. Allied Signal, Inc.***, 963 A.2d 521, 525 (Pa. Super. 2008) (citation and brackets omitted).

"In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage

is in the specified amount." ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citation omitted).

The doctrine of collateral estoppel (issue preclusion) bars a party from relitigating an issue, such as alleged fraud, when that identical issue was decided in a prior action. ***See generally In re Coatesville Area Sch. Dist.***, 244 A.3d 373, 379-80 (Pa. 2021). This preclusion doctrine applies where:

> the issue is the same as in the prior litigation; the prior action resulted in a final judgment on the merits; the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action.

***Id***., at 379; ***see also Day v. Volkswagenwerk Aktiengesellschaft***, 464 A.2d 1313, 1318-19 (Pa. Super. 1983) (citations omitted) (same).

Collateral estoppel is similar to the doctrine of *res judicata*, which is commonly referred to as "claim preclusion." ***See id***. at 378. While both doctrines bar relitigation of a previously decided issue, *res judicata* requires the claim to be the same in both the present and the prior action. ***See id***.[2] Both doctrines, however, bar a party from relitigating issues "that either were

---

[2] Courts have commented that "[t]he doctrine of *res judicata* subsumes the doctrine of issue preclusion, also known as collateral estoppel." ***Khalil v. Cole***, 240 A.3d 996, 1001–02 (Pa. Super. 2020) (citing ***Chada v. Chada***, 756 A.2d 39, 42 (Pa. Super. 2000)). That is, in a number of decisions, "*res judicata*" is described as encompassing both (a) issue preclusion/collateral estoppel, and (b) claim preclusion, or "technical" *res judicata*. ***See e.g.***, ***J.S. v. Bethlehem Area School District***, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) ("Technical *res judicata* provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded.").

raised or **could have been raised** in the prior proceeding." ***Khalil v. Cole***, 240 A.3d 996, 1001–02 (Pa. Super. 2020) (quoting ***McArdle v. Tronetti***, 426 Pa. Super. 607, 627 A.2d 1219, 1222 (1993)) (citations omitted; emphasis in original).

"A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." ***Shaffer v. Smith***, 543 Pa. 526, 673 A.2d 872, 874 (Pa. 1996) (citation omitted).  The preclusion of a previously litigated claim or issue is "premised on practical considerations" such as "avoiding the 'cost and vexation' of repetitive litigation, conserving judicial resources, 'and, by preventing inconsistent decisions, encouraging reliance on adjudication.'" ***In re Coatesville Area Sch. Dist.***, 244 A.3d at 379 (citing ***Office of Disciplinary Counsel v. Kiesewetter***, 889 A.2d 47, 50-51 (Pa. 2005)).

In the case at hand, the dispositive question is whether Appellant's current allegation of fraud against Deutsche Bank is procedurally barred.  The record conclusively shows that the issue of purported fraud raised by Appellant is the same issue he raised in the prior foreclosure action against Deutsche Bank.  The prior foreclosure action resulted in a final judgment on the merits, and Appellant had a full and fair opportunity to litigate the issue of the asserted fraud in that prior action.  Accordingly, Appellant is now barred, or

collaterally estopped, from raising any issue that was, or could have been, raised in the prior foreclosure action.[3]

Nevertheless, Appellant argues vaguely, and without any reference to legal authority, that his fraud claim is not barred because the affidavit of Michelle Donaldson (supporting his allegation of fraud) is "new evidence" which was not available in the prior action. The lack of any authority in support of his argument, taken alone, would be fatal to Appellant's position.[4] But even assuming that that Pennsylvania law would recognize a "new evidence" exception to the doctrine of collateral estoppel, it would not be availing to Appellant in this case.

In her affidavit, Donaldson stated that the initials of Appellant on the Balloon Note to the subject property are inconsistent with the initials of Appellant written on dozens of other mortgage documents executed in

_____

[3] We note that claim preclusion (technical *res judicata*) would not apply because the causes of action here and in the prior foreclosure case are not the same. In both cases, Deutsche Bank alleged that Appellant defaulted on the mortgage, but the respective default periods fell on different date ranges.

[4] Appellate briefs must include a separate argument section for each question that is argued, with each argument supported "by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). An appeal may be quashed or dismissed where a brief does not "conform in all material respects with the requirements" of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." **Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa. Super. 2006) (citations omitted).

Maryland. However, the only Maryland transactions that Donaldson mentioned in her affidavit were completed on June 21, 2005. The Balloon Note on the subject property was completed about a year and a half later, on January 26, 2007. Deutsche Bank did not file the prior foreclosure action until 12 years after that, in 2019.

At the time of that prior foreclosure action, Appellant would have had a full and fair opportunity to bolster his fraud claim with evidence that his purported initials on the Balloon Note did not match his initials in other mortgage documents. Appellant cannot credibly contend that he is excepted from the doctrine of collateral estoppel due to the discovery of so-called "new evidence" when that evidence was in fact not new at all. *See Khalil*, 240 A.3d at 1005 (rejecting plaintiff's fraud claim because she "had [the] opportunity to press her fraud claim in the [prior] suit"); *see also Fannie Mae v. Ferreri*, No. 2563 EDA 2023 (Pa. Super. filed April 24, 2025) (unpublished memorandum) ("Ferreri's claims regarding lack of standing and fraud were previously argued and rejected in the underlying Foreclosure Case by both the trial court and this Court. Therefore, Ferreri is precluded from relitigating the issues under the doctrine of collateral estoppel or issue preclusion.").

Appellant's fraud defense here is simply an attempt to relitigate the prior foreclosure action in which Deutsche Bank prevailed. As discussed above, and recounted by this Court, summary judgment was previously granted in favor

- 11 -

of Deutsche Bank and against Appellant, who had asserted in the earlier action that his initials on the Balloon Note to the subject property had been forged. *See Norton*, No. 629 MDA 2021.

Appellant makes an identical claim in the instant foreclosure action, and his supposedly new evidence of fraud he now relies upon is of no moment. Accordingly, Norton's defense is barred by the doctrine of collateral estoppel, and the trial court did not err in granting summary judgment for Deutsche Bank.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/07/2025